Oicev, J.
The principal questions discussed in the arguments of counsel were questions of fact. This opinion will contain only so much of the voluminous record as is necessary to a correct understanding of the points decided; and, as to matters of fact, we will content ourselves with stating the result of our examination, without tracing the steps by which we arrived thereat.
On December 24, 1860, U. IT. C. Mitchell and others executed a deed, in which they “ for the consideration of three hundred and fifty dollars, received to their full satisfaction, of the trustees of the English Evangelical Lutheran Church in Lima, Ohio, the grantees, do give, grant, bargain, sell, and confirm unto said grantees the following de *569 scribed premises, situate in the town of Lima, . . . being lot number sixty-one. ... To have and to hold the above granted and bargained premises, with the appurtenances thereunto belonging, unto said grantees and their successors in office forever.” And then follows the usual covenants of seizin, against incumbrances, and general warranty, to “ said grantees and their successors in office.” The deed was acknowledged and recorded.
The congregation was, at that time, an unincorporated religious society; but on February 1, 1862, a meeting was held and the proper steps were taken by the society for its incorporation; three trustees were elected — one for one year, one for two years, and one for three years; a certificate, showing the proceedings of the meeting, was prepared in accordance with the provisions of the statute; and that certificate was, on January 14, 1863, recorded in the office of the recorder of Allen county. A church building has been erected on the lot.
While the by-laws do not, in terms, provide for the ■election of a trustee on each Easter Monday — the day after Easter — that is a fair construction of them, and the practical construction which they have at all times received. A trustee was elected at that period in each year. On April 10, 1871, Henry Boose was elected trustee for three years; on April 6, 1872, Samuel Boose was elected for three years; and on April 14, 1873, Theodore Roush was elected' for three years. And it is not denied by any one that these three persons were the trustees of the church, clothed' with the legal title to the property, on February 26, 1874, when this suit was brought (see Williams v. Presbyterian Church, 1 Ohio St. 478), unless they were divested of such title in December, 1873, and January, 1874, in the manner ■which will now be stated.
Difference of opinion had existed among the members ■of the congregation for some time previous to the year 1873, as well as during that year and subsequently. Concerning the merits of this contention, except as it affects the trustees of the congregation, we decide nothing. But *570 it culminated in complaints and appeals to the district, synod of Ohio, in connection with the general council of the Evangelical Lutheran Church of America, with which synod the Lima charge, consisting of the Lima and Elida congregations, was connected. It is sufficient to say of the subject-matter of these ' complaints and appeals that the moral character of neither the pastor nor of any member was involved.
In this condition of things, and before the synod had taken any action with a view to the removal of the pastor,, or any member of the Lima congregation, at a meeting of the joint vestry of the Lima and Elida congregations, held at Elida, Allen county, October 12, 1873, the following resolutions were unanimously adopted:
“ Resolved, That the Lima charge of the Evangelical Lutheran Church in Allen county, Ohio, of which Nev. A.. S. Bartholomew is pastor, hereby severs its connection with the Evangelical Lutheran District Synod of Ohio-(general council district), and that said charge hereby reunites with the old original English district of the joint synod of Ohio and adjacent states, in which joint synod we were originally organized and incorporated, according-to the incorporation laws of Ohio.
“ Resolved, That our secretary furnish Nev. Q-. W. Mack-ling, as president-of synod, with a statement of our proceedings in the above case, as soon as the congregational, vote shall have been taken, notifying him of the changes-of synodical relations.”
Following this action, a meeting of the Lima congregation was held at the church in Lima, November 2, 1873,, when the following proceedings were had : “ The minutes of the joint vestry were read, relating to the change of synodical relations of the Lima charge of the Evangelical Lutheran Church in Allen county. Explanations were made, so that all understood fully the whole matter. Whereupon, it was moved by Brother Joseph Busier, and seconded by Brother Henry Boose, that this congregation confirm the action of the joint vestry in its vote changing synodical rela *571 lions from the Evangelical Lutheran District Synod of Ohio-, (general council district), to the English District of the Joint Synod of Ohio and other states. Unanimously adopted.”
On November 21, 1873, the secretary of the joint vestry of the Lima charge, in pursuance of the foregoing resolution of the joint vestry, notified the district synod of Ohio of the withdrawal of the Lima charge from that synod.
Notwithstanding this action of the joint vestry and the-Lima congregation, the district synod of Ohio, at a meeting held December 23, 1873, adopted a resolution suspending Rev. A. S. Bartholomew, and the pastor of another-congregation, “ from the exercise of the duties of the gospel ministry, until such time as they shall individually give evidence to this body of sincere repentance and a hearty return to their just obligations toward it.” And at the-same meeting, a committee to which certain complaints of members of the Lima congregation had been referred, made-report as follows:
“Whereas, Mr. A. S. Bartholomew, formerly pastor of Lima charge, has been suspended from the ministry until he returns to his proper relations and is restored by the ministerium, and the Lima charge is thus vacant; and,, whereas, a portion of the Lima congregation, following-the evil counsel and example of Mr. Bartholomew, have-taken a position of schism and rebellion . against this synod; and, whereas, the petitioners have signified their perfect willingness to submit to the authority of synod therefore,
“1. Resolved, That the petitioners be advised to request the co-operation of the schismatic faction returning to their just relation to synod in calling a pastor.
“ 2. Resolved, That if they refuse, then the petitioners, be recognized as the Evangelical Lutheran congregation at Lima, and be advised to perfect the organization and invite the missionary president to co-operate with them in-securing a pastor, and, until this is accomplished, to provide regular services for them.
“ 3. Resolved, That the congregation thus recognized be- *572 advised to take the necessary steps to secure the possession of the church property, to which, in justice and equity, they are entitled.” And that report was unanimously adopted.
On January 10,1874, a meeting was held at Lima by certain members of the congregation, stated in the minutes to be “ above sixty members,” to take action in pursuance of the foregoing proceedings of the synod of Ohio. Notice of the meeting had been given in newspapers of the city. A chairman and secretary were appointed, and the following, among other, resolutions were adopted and proceedings had:
“ Resolved, That the constitution and by-laws of Zion’s Evangelical Lutheran congregation of Lima, Allen county, Ohio, be amended in so far as they relate to the election, qualfication, and term of office of trustees: that the following shall be, and shall be taken to be, the rule and law of said congregation, viz.: There shall be three trustees, one of whom shall be elected each year, and shall hold his office for three years, unless sooner removed', as hereinafter provided : provided, that in case of vacancy in the office of trustee, the congregation, at any general meeting, shall hold an election and fill the vacancy. The office of such trustees, or either of them, may be declared vacant at any general meeting, and the vacancy or vacancies thereby created be at once filled by election, and thereupon the office of such former trustee or trustees shall cease and determine.” . . .
“Whereas, Two of the trustees of this church, viz.: Samuel Boose and Henry Boose, have been declared in a state of schism and rebellion by the action of the district synod, with which this congregation is and has always been connected ; and by their abandonment of the organization with which this church is and has always been connected, have vacated their offices as trustees :
■ “ Resolved, That the Zion’s English Evangelical Lutheran Congregation of Lima, Ohio, hereby declares the terms of office of said trustees ended, their places vacant, and that *573 an election to fill the vacancies be had at this congregational meeting. The congregation next proceeded to elect two trustees to serve until the annual election on Eas-er Monday. Bros. Henry Reel and G-. W. Overmeyer, having received the highest number of votes, were declared elected.”
AVithin a few weeks after that meeting, the persons composing it, including Henry Reel and G. W. Overmeyer, took possession of the church building and property, and employed another pastor; and immediately thereafter, on February 26, 1874, they commenced this suit, as stated in the beginning of this report, in the name of the “ trustees of Zion’s English Evangelical Lutheran Congregation of Lima,” and obtained an injunction against any interference with them by A. S. Bartholomew, Henry Boose, Samuel Boose and the others named as defendants. They aver that the defendants are disturbing them in their possession, and threatening to remove them by force from the church building, and that they are remediless except by the aid of a court of equity.
We do not find it necessary to decide -whether the appeals and complaints to the district synod of Ohio, above-referred to, were sufficiently comprehensive to give that synod jurisdiction to depose, or authorize others to depose, persons holding official relations toward the Lima congregation ; nor do we decide whether the relation between the Lima congregation and that synod was at any time such that the synod could, by any proceeding, however regular-in form, either depose, or authorize others to depose, such officers ; for, on the fullest consideration, we are of opinion that before that synod had attempted to exercise such power, the Lima congregation, by and under authority of the-proceedings already recited, had withdrawn from it, and was no longer subject to its power or jurisdiction. The power to withdraw clearly existed, according to a fair construction of the constitution and rules of the congregation and the governing bodies; the pendency of the appeals and complaints in the synod — assuming that they were then « pending — could not affect the right to exercise such power; *574 nor was the withdrawal in any way affected by the subsequent appearance of Rev. A. S. Bartholomew before the synod to present his protest against its action. It follows, therefore, that the action of the district synod of Ohio, on December 23, 1873, so far as it related to the Lima congregation, and the proceedings at the meeting held in Lima, January 10, 1874, were simply void.
While we all unite in holding that the plaintiffs below made no case for an injunction, that the district court erred in decreeing in their favor, and hence that the judgment must be reversed, the question remains as to the further judgment which should be rendered. The defendants below, in their answer, ask, “ That until the final hearing of this cause, said George W. Overmeyerand Henry Reel, and all others acting for them and by virtue of their pretended authority as trustees of said Zion’s English Evangelical Lutheran Congregation of Lima, be enjoined from in any way using or occupying said church building, or in any way interfering with the use and occupation of the same by the defendants; and upon the final hearing of this action, that said injunction be made perpetual.’ This answer may be treated ás a cross-petition. Klonne v. Bradstreet, 7 Ohio St. 322.
Finding the proceedings of the meeting of January 10, 1874, to be void, the election of Reel and Overmeyer, at that time, and the election of their successors and the successor of either of them, are mere nullities. If that is true — and so we find it to be — it is not denied by any one that Henry Boose, Samuel Boose, and Theodore Roush were, at the commencement of this suit, on February 26, 1874, the legal trustees of the congregation, clothed with the title to the property. Hence, it necessarily follows that they and their successors, if there be successors, are still legally the trustees. As it is unnecessary, in adjudicating as to the right of the defendants below, to find auy fact which was not necessarily and fully found in determining as to the rights of the plaintiffs below, on the petition to quiet the title and restrain the defendants, we are unable to *575 perceive any reason why an order should not be made, in this case, on the cross-petition, restoring Henry Boose, Samuel Boose and Theodore Roush, and their successors, to the possession and control of the property, for the use and benefit of the congregation, and enjoining Reel and Overmeyer, and their successors, from interfering with such possession and control. To hold otherwise is not to end the litigation, as we think may properly be done, but to lay .a foundation for other suits. Hullman v. Honcomp, 5 Ohio St. 237, does not conflict with such power of the court. When regard is had to the manner in which the question arose, that case, it will be seen, is clearly distinguishable from this. The ground for the exercise of such jurisdiction in this ease is based, we think, not only upon statutory provisions, but on reason and authority. 54 Ohio Laws, 91; 4 Curwen, 2922; 67 Ohio Laws, 116; Rev. Stats. §§ 5071, 5779; Trustees, etc., v. Hoessli, 13 Wis. 348; Lutheran Congregation v. Gristgan, 34 Wis. 328; Hale v. Everett, 53 N. H. 9, s. c. 16 Am. Rep. 82; 1 Story’s Eq. Jur. § 65; Bispham’s Eq. § 465.
We have said that the property is tobe controlled and managed for the use and benefit of the congregation. We do not undertake to determine the persons who are or should be regarded as members of the congregation. But the trust should be administered in no narrow or illiberal spirit. On the contrary, it should be administered for the benefit of all the members of “ Zion’s English Evangelical Lutheran Congregation of Lima, Ohio,” to the end that peace and unity may be restored.
Judgment of the district court reversed, and plaintiffs below enjoined, as above stated.